# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ELMER J. COFFEY, | : | |
| Plaintiff, | : | Case No.  3:05CV383 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| MIAMI COUNTY JAIL, et al., | : | |
| | : | |
| Defendants. | | |

## REPORT AND RECOMMENDATIONS[1]

## I.     INTRODUCTION

Plaintiff Elmer J. Coffey escaped from the Miami County Incarceration Facility in Miami County, Ohio but was soon apprehended after a car chase involving many police officers. Plaintiff alleges that a police officer "jerked" him out of a car and "beat, kicked and stomped [him] in [his] back."  (Doc. #3 at 5).  He was then returned to the Miami County Jail where he was allegedly struck several times by a deputy sheriff and by corrections officers, who then denied him medical treatment.  *Id*.

Plaintiff, now an inmate at the Lebanon Correctional Institution,[2] brings this case *pro se* under 42 U.S.C. §1983.  His Complaint names as Defendants the Miami County Jail; Sheriff

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

[2]  *See* http://www.drc.state.oh.us/OffenderSearch

Cox; Miami County Commissioners; Deputy Sheriff Peoples; Police Officer John Doe; Jail Administrator Dee; and Corrections Officers Steve Davis, Tim Arnold, Anita, Rick, Jeremy Mullenikx, and "Jr."

Plaintiff seeks to recover compensatory damages in excess of $100,000 for each named Defendant and an award of $200,000 in punitive damages against each Defendant. *Id.* at 6.

The case is before the Court upon Defendants Miami County Jail and Miami County Commissioner's Motion for Summary Judgment (Doc. #20), Motion for Summary Judgment of Defendant Officer "John Doe" of the Tipp City, Ohio Police Department (Doc. #21), and the record as a whole, which includes (in part) a transcript of Plaintiff's deposition (Doc. #19). Plaintiff has not responded to these Motions for Summary Judgment even though the Court provided him separate Notices of each Motion and instructed him about his burden to produce evidence in support of his claims. (Doc. #s 23, 24). The Court further notified him that his failure to file a response by November 6, 2006 may result in dismissal of his claims against these Defendants. *Id.*

## II.    MOTIONS FOR SUMMARY JUDGMENT

A moving party is entitled to summary judgment in its favor if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

"The moving party bears the burden of proving that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Federal Ins. Co. v. Hartford Steam Boiler Inspection and Ins. Co.*, 415 F.3d 487, 493 (6th Cir. 2005). To resolve whether the

2

moving party has accomplished this, the Court evaluates the evidence and inferences drawn therefrom in the light most favorable to the nonmoving party. *Id*.; *see Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986). The Court's function is not to weigh the evidence to determine the truth of the matters asserted but to determine if there is a genuine issue of material fact for trial. *Anderson*, 477 U.S. at 249.

If the movant succeeds in its initial showing, the non-moving party may not rely on the bare allegations of its Complaint but must present affirmative evidence in support of his or her claims. *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994); *see Mitchell v. Toledo Hospital*, 964 F.2d 577, 582 (6th Cir. 1992).

When, as in the present case, the non-moving party is proceeding *pro se*, the Court must construe his allegations liberally in his favor. *Black v. Parke*, 4 F.3d 442, 448 (6th Cir. 1993). The Court, however, is not required "to search the entire record to establish that it is bereft of a genuine issue of material fact." *Id*. at 404; *see InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). Rather, the burden falls on the non-moving party to designate specific facts or evidence in dispute. *See Anderson*, 477 U.S. at 250; *see also Metiva*, 31 F.3d at 379; *Guarino v. Brookfield Tp. Trustees,* 980 F.2d 399, 404-05 (6th Cir. 1992); *Street*, 886 F.2d at 1479-80.

Ultimately, the Court must determine at the summary-judgment stage whether the evidence presents a sufficient disagreement to require submission of the challenged claim or claims to a jury or whether the evidence is so one-sided that the moving party must prevail as a matter of law. *See Anderson*, 477 U.S. at 251-52; *see also Little Caesar Enterprises, Inc. v. OPPCA, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

**III.  DEFENDANTS MIAMI COUNTY
JAIL AND MIAMI COUNTY COMMISSIONERS'**

**A.  <u>Section 1983 and the Miami County Jail</u>**

Defendant Miami County Jail contends that Plaintiff's Complaint fails to state a claim

against it, because it is not an entity capable of being sued under 42 U.S.C. §1983.  This

contention is well taken.

"To state a claim under §1983, the plaintiff ... must show that the alleged violation was

committed by a person acting under color of state law."  *Swiecicki v. Delgado*, 463 F.3d 489, 495

(6th Cir. 2006) (quoting *Redding v. St. Eward,* 241 F.3d 530, 532 (6th Cir.2001)).  The Miami

County Jail is neither a "person" under §1983 nor an entity capable of being sued under §1983

*See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978); *see also Matthews v.*

*Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)(Jefferson County police department not an entity

capable of being sued under §1983); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)

(sheriff's department not a legal entity capable of being sued under §1983).

Accordingly, the Miami County Jail's motion for summary judgment is well taken.

**B.  <u>Respondeat Superior</u>**

The Miami County Commissioners contend that they may not be held liable under §1983

based on the theory of respondeat superior and that Plaintiff has produced no evidence indicating

that Miami County violated his constitutional rights.  These contentions are well taken.

Assuming, in his favor, that Plaintiff seeks to hold Miami County, along with the Miami

County Commissioners, liable under §1983, Plaintiff's claims fail as a matter of law.  Plaintiff's

Complaint attempts to hold these Defendants vicariously liable under §1983 for the events that

occurred to Plaintiff at the Miami County Incarceration Facility after his arrest. Such vicarious-liability claims fail as a matter of law. *See Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000).

To show that Miami County is liable under §1983, Plaintiff must allege that the violations of his constitutional rights "were the result of an unconstitutional policy or custom of the County." *Matthews*, 35 F.3d at 1049 (citing *Monell*, 436 U.S. at 694). He must show that Miami County – through its deliberate conduct – was the moving force behind the constitutional violations. *See Perez v. Oakland County*, 466 F.3d 416, 430 (6th Cir. 2006); *see also Polk County v. Dodson*, 454 U.S. 312 (1981).

In light of Plaintiff's failure to oppose Defendants' motion for summary judgment, and accepting the allegations of Plaintiff's Complaint as true and construing them liberally in Plaintiff's failure, the record does not contain any information about a Miami County policy that was the moving force behind any violation of Plaintiff's constitutional rights. Plaintiff's Complaint instead describes the acts and omissions of the correction officer Defendants at the Miami County Incarceration Facility after Plaintiff's arrest. Without more, these acts or omissions by corrections officers are not tantamount to acts by either Miami County itself or the Miami County Commissioners. Consequently, even under the most liberal reading of Plaintiff's Complaint, and in the absence of Plaintiff's opposition to these Defendants' Motion for summary judgment, the record lacks a genuine issue of fact showing that Miami County or the Miami County Commissioners can be held liable under §1983.

In addition, although neither Miami County Sheriff Cox nor Jail Administrator Dee Sandy has moved for summary judgment, the Court has reviewed the Complaint *sua sponte* to

determine if Plaintiff seeks to hold these Defendants liable under the theory of respondeat superior.  This review reveals that Plaintiff's Complaint seeks to hold these Defendants vicariously liable under §1983.  Accepting the allegations of Plaintiff's Complaint as true and liberally construing them in his favor fails to reveal any allegation showing that Sheriff Cox or Jail Administrator Sandy engaged in any act or omission related to Plaintiff after his arrest. Instead, as discussed previously, Plaintiff's claims against Miami County only concern the acts or omissions by the correction officer Defendants after Plaintiff's arrest.  As a result, Plaintiff's §1983 claims against Sheriff Cox and Jail Administrator Sandy are subject to *sua sponte* dismissal for failure to state a claim upon which relief may be granted.[3]  *See* 28 U.S.C. §1915(2)(B) ("the court shall dismiss the case at any time if the court determines that – the action ... fails to state a claim upon which relief may be granted....").

Accordingly, Defendants Miami County Incarceration Facility and the Miami County Commissioners' motion for summary judgment is well taken.  And, Plaintiff's Complaint fails to state a §1983 claim against Sheriff Cox, and Jail Administrator Dee Sandy.


## IV.   TIPP CITY POLICE OFFICER JOHN DOE

### A.   Rule 4(m)

Defendant Officer John Doe of the Tipp City, Ohio Police Department seeks summary judgment, through counsel, asserting that Plaintiff has failed to identify and serve summons on any Tipp City Police Officer or defendant.  This contention is well taken.

---

[3] Although the Court previously reviewed Plaintiff's Complaint under §1915, the Court made no finding regarding the potential liability of Sheriff Cox or Jail Administrator Sandy under §1983.  *See* Doc. #4.

Rule 4(m) of the Federal Rules of Civil Procedure required Plaintiff to effect service of summons and Complaint upon the defendants within 120 days after the filing of the complaint. A failure to effect service may be excused upon a showing of good cause.  *See* Fed. R. Civ. P. 4(m).  "Unless a named defendant agrees to waive service, the summons continues to be the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights."  *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999)(original italics).

Plaintiff has not amended his Complaint to identify any John Doe defendant.  He has also not served summons and Complaint upon any specifically named John Doe defendant.  Because he has not opposed the Tipp City John Doe's motion for summary judgment, he has not shown good cause to excuse his failure to effect service as required by Fed. R. Civ. P. 4(m).  In these circumstances, dismissal without prejudice of Plaintiff's claims against the John Doe Defendant is warranted.  *See* Fed. R. Civ. P. 4(m); *see also Daniels v. Southfort* 6 F.3d 482, 484 (7th Cir. 1993); *Shepard v. City of Columbus*, 2006 WL 840386 at *3-*4 (S.D. Ohio, March 30, 2006)(and cases cited therein).

Accordingly, Plaintiff's claims against the Tipp City Police Officer John Doe are subject to dismissal without prejudice.

## B.    Fourth Amendment – Excessive Force

Tipp City Police Officer John Doe seeks summary judgment on the merits of Plaintiff's claims because the amount of force used upon Plaintiff to effect his arrest was reasonable under the totality of the circumstances.  In support of this contention, Tipp City Police Officer John Doe submits the affidavit of Joseph M. Mauro, a Tipp City Police Sergeant, as well as various

police reports and other documents, and a videotape showing some of the events surrounding the chase and arrest of Plaintiff.  In the absence of any opposition by Plaintiff, Tipp City Police Officer John Doe has shown that the following material facts are genuinely undisputed:

On August 2, 2005, Plaintiff and another inmate escaped from the Miami County Incarceration Facility.  They then broke into someone's residence, and at knifepoint, Plaintiff stole a car from the owner.  (Doc. #21, Mauro affidavit at ¶3).  A car chase ensued with many police officers chasing Plaintiff.  Speeds ranged from 79 to 89 miles per hour.  (Doc. #21, Friend Report).

Eventually police officers disabled the car Plaintiff was driving with stop sticks.   Police officers approached the car, pointing guns at Plaintiff.  He was then pulled from the car and arrested after what one police report described as "a brief struggle."  (Doc. #21, Grubb Report).  Officer Mauro described this struggle as follows:

> I grabbed his shirt as did Officer Friend.  We pulled the suspect from the vehicle, placing him on the ground face first.
>
> As the suspect was moving his arms about, I placed my foot in his back, Officer Friend sat straddled legged on him.  I gave Officer Friend my handcuffs and Officer Grubb also assisted in holding the man down.
>
> After the man was secured he advised that he was Elmer Coffey....

(Doc. #21, Mauro Report).  The videotape submitted by Defendant Officer John Doe does not reveal any factual conflict with the information in Officer Mauro's report or the other officers' reports.

The Fourth Amendment to the United States Constitution grants "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures...."  U.S. Const. amend. IV.

"'*[A]ll* claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen, should be analyzed under the Fourth Amendment and its 'reasonableness' standard.'" *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (quoting *Graham v. Connor,* 490 U.S. 386, 395 (1989) (emphasis in original).

> In determining whether an officer's actions were reasonable, the specific facts of each case are key....  Court should pay particular attention to 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'  While courts must look to the totality of the circumstances in determining whether a seizure was reasonable, they must be sure to view those facts 'from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'

*Kostrzewa v. City of Troy*, 247 F.3d 633, 639 (6th Cir. 2001) (quoting in part *Graham*, 490 U.S. at 396); *see Champion*, 380 F.3d 893, 901 (6th Cir. 2004).  The test is, in light of the above considerations and without regard to the police officer's subjective motivations, did the officer use an objectively reasonable amount of force in the particular situation he or she faced.  *See Champion*, 380 F.3d 902; *see Kostrzewa*, 247 F.3d at 639; *see also Adams*, 31 F.3d at 385.

Because Plaintiff has not opposed Defendant Officer John Doe's motion for summary judgment, he has not met his burden of pointing to affirmative evidence that conflicts with the evidentiary materials upon which Defendant Officer John Doe relies.  As a result, there is no genuine dispute over the fact that Plaintiff was arrested after a high-speed car chase and that during his arrest, he was pulled from the car he had been driving and placed face down on the ground.  Because Plaintiff was moving his arms, officer Mauro placed his knee on Plaintiff's back while another officer sat straddle-legged on Plaintiff.  Under the totality of circumstances the police officers faced, this minimal amount of force to effect Plaintiff's arrest was not

objectively unreasonable. Plaintiff had placed the police officers and the public in danger by escaping from jail, stealing a car, and driving at high speeds in an attempt to elude arrest. He continued to struggle after being placed face down on the ground by moving his arms around. Officer Mauro's act of placing his knee on Plaintiff's back while two other officers held Plaintiff was necessary to finally subdue Plaintiff, to stop him from struggling further against his arrest, and to prevent any further effort to escape. Given these circumstances, the minimal use of force by the officers, including Defendant Officer John Doe, was not objectively unreasonable. *Cf. Lyons v. City of Xenia*, 417 F.3d 565, 578 (6th Cir. 2005)(and cases cited therein).

The above facts concerning Plaintiff's escape, chase, and arrest are not genuinely disputed even though Plaintiff alleges in his Complaint that during his arrest, he was beaten, kicked and stomped in his back by police officers. At this stage of the case, in light of Defendant Officer John Doe's evidence, the bare allegations of Plaintiff's Complaint fail to create a genuine issue of material fact. *See Adams*, 31 F.3d at 379; *see also Mitchell*, 964 F.2d at 582. Because Plaintiff has not opposed summary judgment, he has not pointed to any affirmative evidence of record sufficient to support the allegations of his Complaint. He has therefore failed to meet his burden at this stage of the case[4] to show that a genuine issue of material fact exists with regard to the minimal amount of force used, under the totality of the circumstances, by Defendant Officer John Doe to effect Plaintiff's arrest.

Accordingly, Defendant Officer John Doe's motion for summary judgment is well taken.

---

[4] *See Anderson*, 477 U.S. at 250; *see also Metiva*, 31 F.3d at 379; *Guarino,* 980 F.2d at 404-05; *Street*, 886 F.2d at 1479-80; *Mitchell*, 964 F.2d at 582.

10

**IT IS THEREFORE RECOMMENDED THAT:**

1.      Defendants Miami County Jail and Miami County Commissioner's Motion for Summary Judgment (Doc. #20) be GRANTED;

2.      Motion for Summary Judgment of Defendant Officer "John Doe" of the Tipp City, Ohio Police Department (Doc. #21) be GRANTED;

3.      Plaintiff's claims against Defendant Sheriff Cox and Defendant Jail Administrator Dee Sandy be DISMISSED under 28 U.S.C. §1915(e)(2); and

4.      The case remain pending on Plaintiff's claims against the individual corrections officers and Defendant Peoples.

November 21, 2006

                                        s/ Sharon L. Ovington
                                        Sharon L. Ovington
                                United States Magistrate Judge

11

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).