# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ELMER J. COFFEY, | : | |
| Plaintiff, | : | Case No.  3:05CV383 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| MIAMI COUNTY JAIL, *et al*., | : | |
| | : | |
| Defendants. | | |

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS[1]

On November 21, 2006, the undersigned Judicial Officer filed a Report and Recommendations (Doc. #25), to which Plaintiff has not objected.  The prior Report and Recommendations, *id*., is incorporated herein by reference.  For the reasons stated in the prior Report and Recommendations, the only remaining Defendants at this point in the case will be the individual corrections officers and Defendant Peoples.

On December 11, 2006, the Court ordered Plaintiff to show cause, on or before December 29, 2006, why this case should not be dismissed under Fed. R. Civ. P. 41(b) or due to his failure to prosecute.  (Doc. #26).  Plaintiff has not responded to the Order to Show Cause.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). Plaintiff has failed respond to an Order of this Court and has not otherwise prosecuted his case in any meaningful way since filing his Complaint. As a result, dismissal without prejudice of Plaintiff's remaining claims against the individual corrections officers and Defendant Peoples is warranted for lack of prosecution. *See Link*, 370 U.S. at 630-31.

## IT IS THEREFORE RECOMMENDED THAT:

1. For the reasons stated in the prior Report and Recommendations (Doc. #25), Plaintiff's claims against Defendants Miami County Jail; Miami County Commissioners; Police Officer John Doe of the Tipp City, Ohio Police Department; Sheriff Cox; and Jail Administrator Dee Sandy be DISMISSED with prejudice;

2. Plaintiff's claims against the individual corrections officers – Defendants Jeremy Mullenikx; Steve Davis; Tim Arnold; Anita and Rick (no last names); and J.R. (no full name) – and Defendant Deputy Sheriff Peoples be DISMISSED without prejudice; and

3. The case be terminated on the docket of this Court.

January 4, 2007

                  s/ Sharon L. Ovington
                  Sharon L. Ovington
                  United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).